UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-11148-RGS

JEROME P. CONLIN

v.

PAUL J. MICHAEL and DANIEL BERMAN

MEMORANDUM AND ORDER ON
MOTION FOR SUMMARY JUDGMENT

June 17, 2022

STEARNS, D.J.

Plaintiff Jerome P. Conlin brought this action for breach of contract against defendants Paul J. Michael and Daniel Berman alleging that they violated an agreement to purchase Conlin's property in Provincetown, Massachusetts. Conlin moves for summary judgment. For the following reasons, the court ALLOWS Conlin's motion.

## BACKGROUND

In February of 2020, New York citizens Michael and Berman offered to purchase a property Conlin owned at 65 Bayberry Avenue in Provincetown (the Property). Conlin accepted the offer and, on April 6, 2020, the parties entered into a purchase and sale agreement (P&S) providing for a sale price of $2,532,500. Michael and Berman agreed to a payment schedule of

$5,000 paid with the offer to purchase, $121,625 to be paid as a deposit upon execution of the P&S, and $2,405,875 upon delivery of the deed.

The P&S also contains a liquidated damages clause that states: "If the BUYER shall fail to fulfill the BUYER'S agreements herein, all deposits made hereunder by the BUYER shall be retained by the SELLER as liquidated damages, which shall be SELLER'S sole and exclusive remedy at law and equity."   P&S (Dkt # 16-2 Ex. D) ¶ 21.

On April 10, 2020, Michael and Berman sent Conlin a check for $126,637 – roughly the amount of the two deposits.   The check was returned for insufficient funds.   Two weeks later, defendants submitted another check for the two deposits which also bounced.   Defendants made no further attempt to pay the required amounts under the P&S.   Conlin relisted the Property and sold it to another buyer for $2,425,000.

## DISCUSSION

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed R. Civ. P. 56(a).   A dispute is genuine where "the evidence, viewed in the light most flattering to the nonmovant, would permit a rational factfinder to resolve the issue in favor of either

2

party." *Medina-Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990) (internal citations omitted).  A fact is material if it "has the potential to affect the outcome of the suit under the applicable law." *Lapointe v. Silko Motor Sales, Inc.*, 926 F.3d 52, 54 (1st Cir. 2019), quoting *Cherkaoui v. City of Quincy*, 877 F.3d 14, 23 (1st Cir. 2017).  "To succeed, the moving party must show that there is an absence of evidence to support the nonmoving party's position."  *Rogers v. Fair*, 902 F.2d 140, 143 (1st Cir. 1990).  The burden then shifts to the nonmoving party to "adduce specific, provable facts demonstrating that there is a triable issue."  *Id.*

To prevail on his breach of contract claim, Conlin must show "the existence of a valid and binding contract, that the defendant[s] breached the contract's terms, and that [he] suffered damages as a result of that breach." *Scholz v. Goudreau*, 901 F.3d 37, 43 (1st Cir. 2018).

Conlin has shown, and Michael and Berman admit, that they executed the P&S and that it required them to make two deposits totaling $126,625 and to complete the purchase of the Property.  Defendants also concede that they did not pay the deposits or go through with the purchase, that Conlin sold the property to another buyer for a lesser amount, and that the P&S specifies that Conlin is entitled to retain the two deposits as liquidated

3

damages. Conlin thus has established a prima facie claim for breach of the P&S and an entitlement to $126,625 in liquidated damages.

Defendants have failed to produce facts that would allow a reasonable jury to reach any other result.[1] Michael's and Berman's core argument is that Conlin waived the P&S. On April 27, 2020, Conlin's attorney wrote to counsel for Michael and Berman, stating:

> At this point buyer's deposit check for the purchase and sale agreement has been presented with insufficient funds on two occasions, and seller has failed to consummate his obligation with respect to the P&S; we are out of contract and therefore seller is here confirming that there is no agreement in place and is going to put the property back on the market.

April 27, 2020, email (Dkt # 17-3) at 1.

The court previously cautioned defendants that the April 27, 2020, email did not have the significance they would give it. *See* Order (Dkt # 8)

---

[1] Michael and Berman style their filing variously as an opposition, a renewed motion for summary judgment, and as a motion for sanctions. They have not filed motion papers associated with any motion for summary judgment or a motion for sanctions; they have instead submitted an opposition that purports to also act as a motion for summary judgment and as a motion for sanctions. *See* Opp'n (Dkt # 17) at 1. Nor have defendants obtained leave of the court to dispense with the requirement of filing separate motions and memoranda of law. *See* L.R. 7.1(b)(1)-(3); *see also* Fed. R. Civ. P. 11(c)(2). To the extent a cross-motion for summary judgment or a motion for sanctions are properly before the court, they are each denied. Defendants have not produced any evidence showing that they were excused from performing under the P&S, and they have not demonstrated that Conlin's arguments (which the court has accepted) are in any way frivolous.

("The April 27, 2020 email . . . does not disclaim the existence of a contract between the parties. It merely confirms that defendants have breached the terms of the Purchase and Sale Agreement and thus that, **_prospectively_**, there is no longer any agreement in place for defendants to pay the remaining $2,405,875 balance of the purchase price."). Defendants' argument is also barred by the P&S itself, which states that it may be "cancelled, modified or amended only by a written instrument executed by both the SELLER and the BUYER." P&S ¶ 27. Michael and Berman cannot plausibly claim that the April 27, 2020, email constitutes a signed, written instrument between the parties.

Defendants also argue that they do not owe damages because the P&S's liquidated damages clause provides that Conlin will "retain[]" the deposits as his relief and that when they gave him worthless checks, he had no funds to retain. The validity of a liquidated damages clause normally turns on whether "at the time of contracting the actual damages flowing from a breach were difficult to ascertain," and "the sum agreed on as liquidated damages represents a 'reasonable forecast of damages expected to occur in the event of a breach.'" _NPS, LLC v. Minihane_, 451 Mass. 417, 420 (2008), quoting _Cummings Props., LLC v. Nat'l Commc'ns Corp._, 449 Mass. 490, 494

(2007). A contract for the sale of real estate that provides for liquidated damages of 5 percent of the purchase price, as here, is generally enforceable. *See Kelly v. Marx*, 428 Mass. 877, 882 (1999).

The parties have not pointed to any Massachusetts authority, and the court has found none, addressing defendants' argument that a liquidated damages clause only entitles a seller to deposits that the buyer has actually paid. While one can envision circumstances in which this rule might make sense, such as where the seller had materially misrepresented his authority to convey the property, the court will not entertain such a result where defendants seek to escape the consequences of their own unethical conduct.[2]

## ORDER

For the foregoing reasons, Conlin's motion for summary judgment is <u>ALLOWED</u>. Conlin will submit a proposed form of judgment within fourteen days following entry of this Order.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

[2] Defendants' related argument that the P&S fails for lack of consideration because they never paid any consideration is equally ridiculous. Failure to perform a bargained-for promise is a breach, not a lack of consideration.

6